IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br>LINDA A. HAWKINS AND GREGORY HAWKINS,<br><br>Debtors. | ) | Chapter 13<br>Bankr. No. 05-13987(BLS) |
| ELVA D. ALLEN,<br><br>Appellant,<br><br>v.<br><br>MICHAEL B. JOSEPH,<br>United States Trustee,<br><br>Appellee. | ) | Civ. No. 13-526-SLR |

Elva D. Allen, Millsboro, Delaware; Pro Se Appellant.

Michael B. Joseph, Esquire, Ferry, Joseph & Pearce, P.A., Wilmington, Delaware; Counsel for Appellee.

**MEMORANDUM OPINION**

Dated: December 20, 2013
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Appellant Elva D. Allen filed this bankruptcy appeal on March 1, 2013. She appears *pro se* and has paid the filing fee. The appeal is taken from *In re Hawkins*, Bankr. No. 05-13987-BLS (Bankr. D. Del. Feb. 28, 2013) ("Bankr. No. 05-1397-BLS"). (*Id.* at D.I. 83, 84) For the reasons discussed below: (1) the motion to strike (D.I. 14) will be denied as moot; and (2) the appeal will be dismissed for lack of standing.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On October 14, 2005, debtors Linda A. Hawkins ("Linda") and Gregory L. Hawkins ("Gregory") ("together debtors") filed a Chapter 13 joint voluntary petition in this District's bankruptcy court. (Bankr. No. 05-13987-BLS at D.I. 1) Appellee Michael B. Joseph is the standing Chapter 13 trustee ("trustee" or "appellee"). Debtors' plan was confirmed by the bankruptcy court on April 17, 2006. (*Id.* at D.I. 34) The bankruptcy case was closed on November 2, 2010.

On January 8, 2013, Elva D. Allen ("appellant" or "Allen") filed a motion to reopen the bankruptcy proceeding, on behalf of herself and Dr. James Robert Conaway ("Dr. Conaway"), Ernest E. Conway ("Ernest"), and Mabel H. Conaway ("Mabel") (collectively, "the Conaways") as creditors. The motion was opposed by appellee, debtors, and attorneys Jeffrey M. Weiner ("Weiner") and D. Stephen Parsons ("Parsons"). (*Id.* at D.I. 72, 75-78; D.I. 93 at 4) Only Allen signed the motion to reopen. (*Id.* at D.I. 72)

A 1.92 acre parcel of property originally owned by Robert Conaway, *see Conaway v. Griffin*, 970 A.2d 256 (Del. 2009) (table), was the focus of the motion to reopen, appellant asserting that it should not have been included in the bankruptcy

estate. The property and its sale or transfer were the subject of proceedings in the Court of Chancery of the State of Delaware. *See id.*; *Conaway v. Hawkins*, 2011 WL 3444567 (Del. Ch. July 29, 2011); *Conaway v. Hawkins*, 2010 WL 403313 (Del. Ch. Feb. 4, 2010). Appellant moved to reopen the bankruptcy proceeding on the grounds that she and the Conaways were intentionally omitted from the bankruptcy schedules, and the debt was nondischargeable based upon fraud or false pretenses. (Bankr. No. 05-13987-BLS at D.I. 72)

During the pendency of the bankruptcy proceeding, Joseph received a call from appellant on April 28, 2006, in connection with the bankruptcy proceeding, followed by appellant's letter dated April 29, 2006. (D.I. 11, ex. A) Appellant indicated that Linda owned an interest in the real property at issue, that the property was sold, that Linda received a portion of the sale proceeds on December 16, 2005, and that Linda's interest in the property was not disclosed in the debtors' joint petition or any subsequent filings. (*Id.*) Thereafter, Joseph sought, and received, approval from the bankruptcy court to conduct a Rule 2004 examination of debtors to investigate the allegations made by appellant. (Bankr. No. 05-1397-BLS, D.I. 42, 44) On August 2, 2006, Joseph examined debtors, demanded and reviewed pertinent documents, and reported his findings to the Office of the United States Trustee. (*Id.* at D.I. 93 at 32)

Joseph determined that Linda had transferred her interest in the property at issue and had received net proceeds in the amount of $44,043.07. On October 27, 2006, Joseph filed a motion to dismiss the bankruptcy case, opposed by debtors. (*Id.* at D.I. 53, 54) The parties agreed to a stipulation to resolve the motion to dismiss. The stipulation tolled the limitations period for the time to object to discharge, for any

purpose, until Joseph filed his final report; debtors continued to carry out their confirmed plan which contemplated that allowed claims would receive a 100% dividend. (*Id.* at D.I. 56, 57) Debtors performed their obligations under their plan and were granted a discharge on October 25, 2010. (*Id.* at 68) Appellee filed his final report on October 29, 2010, a final decree was entered on November 1, 2010, and the bankruptcy case was closed on November 2, 2010. (*Id.* at D.I. 70, 71)

A hearing was held on the motion to reopen on February 26, 2013. (*Id.* at D.I. 82, 93) During the hearing, appellant identified herself and the Conaways as creditors of debtors who were intentionally omitted from the bankruptcy proceeding. (*Id.* at D.I. 93 at 16) Appellant testified that she is not an attorney, and that she appeared on behalf of other parties named as movants pursuant to powers of attorney. (*Id.* at D.I. 93 at 4, 16) Appellant is the Conaways' typist and secretary. (*Id.* at D.I. 93 at 16-17) Appellant testified that she did not have an ownership interest in the property at issue, and she acknowledged during the hearing that she first became aware of the bankruptcy proceeding on March 14, 2006. (*Id.* at D.I. 93 at 9, 16) Neither appellant nor her principles filed claims in the bankruptcy proceeding. (*Id.* at D.I. 93 at 33)

Objections were raised to appellant's appearance on behalf of others. Said objections were overruled by the bankruptcy court for the limited purposes associated with the motion to reopen and the February 26, 2013 hearing. (*Id.* at D.I. 83 n.1) The bankruptcy judge stated that he considered appellant's motion and argument on the merits as is the practice in his court. (*Id.* at D.I. 93 at 19)

On February 28, 2013, the bankruptcy court denied the motion to reopen finding that it was not timely filed under 11 U.S.C. § 1328(e). (*Id.* at D.I. 83) In addition,

the bankruptcy court struck appellant's rebuttal brief pursuant to an oral motion. (*Id.* at D.I. 93 at 30) This appeal followed. (*Id.* at D.I. 84)

Appellant raises the following issue for review: whether the bankruptcy court erred when it denied the motion to reopen in light of the far-reaching bankruptcy fraud and continuous violations of the automatic stay. (D.I. 9) Appellee responds that appellant lacks standing to bring this appeal and, with regard to the merits, the bankruptcy court's order was proper and should be affirmed. (D.I. 11)

**III. STANDARD OF REVIEW**

This court has jurisdiction over the appeal from the bankruptcy court's February 28, 2013 order pursuant to 28 U.S.C. § 158(a) which provides in relevant part: "The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."

In reviewing a determination of the bankruptcy court, the district court subjects the bankruptcy court's legal determinations to plenary review, reviewing its factual findings for clear error, and considering its exercise of discretion for abuse thereof. *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005). Under the Bankruptcy Code, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The court reviews a bankruptcy court's decision to deny a motion to

reopen for abuse of discretion. *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997); *see also In re Lockings*, 308 F. App'x 583, 584 (3d Cir. 2008) (unpublished).

**IV. DISCUSSION**

Appellee argues that the appeal must be dismissed on the ground that appellant lacks standing. Appellant responds that she and Mabel filed the motion to reopen the bankruptcy case and that she and Mabel initiated this appeal. Appellant also argues that she and Mabel have a federal right to litigate claims in bankruptcy and federal court. In addition, in the reply brief, appellant now claims that she does not appear in court on behalf of the Conaways but as an heir along with Mabel.[1] (D.I. 13)

The parties did not address the issue of the Conaways' standing. Nonetheless, the court is required to raise issues of standing sua sponte if such issues exist. *See Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001). Appellant has no interest in the property at issue. In addition, despite notice of the bankruptcy proceeding, neither appellant, nor the Conaways, filed claims in the bankruptcy proceeding.

Standing to appeal an order of a bankruptcy court is limited to persons aggrieved by that order. *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 214 (3d Cir. 2004). The standard is more restrictive than normal Article III standing. *Id.* at 215. Appellant and the Conaways must show that the bankruptcy court's February 28, 2013 order diminishes their property, increases their burdens, or impairs their rights. *Id.* at 214. "[O]nly those persons whose rights or interests are directly and adversely affected

---

[1]This position is contrary to appellant's testimony during the hearing on the motion to reopen wherein she stated that she appeared on behalf of the Conaways by reason of their power of attorney.

pecuniarily by an order of the bankruptcy court may bring an appeal." *In re PWS Holding Corp.*, 228 F.3d 224, 249 (3d Cir. 2000) (internal quotation marks and citation omitted); *see also In re Dykes*, 10 F.3d 184, 187 (3d Cir. 1993) (finding that an individual who never filed a formal or informal proof of claim lacked standing to challenge an order of distribution). A showing of potential harm incidental to the order is not enough. *In re Combustion Eng'g*, 391 F.3d at 215. Whether a litigant has standing to appeal a bankruptcy court order is ordinarily a question of fact to be resolved by the district court. *In re Fryer*, 235 F. App'x 951, 954 (3d Cir. 2007) (unpublished) (citing *In re Dykes*, 10 F.3d at 187).

The order at issue denied the motion to reopen the bankruptcy proceeding, the motion's stated purpose being to vacate the debtors' discharge and file a non-dischargeability complaint against debtors. The record does not reflect that this order had a direct, pecuniary effect upon appellant or the Conaways. The order does not order any administration of the estate. Rather, it recognizes that the estate has been fully administered and that the motion to reopen was filed well outside the one-year statutory time-frame set forth in 11 U.S.C. § 1328(e). In addition, appellant admittedly has no interest in the property at issue and, further, neither she, nor the Conaways, filed a proof of claim even though they were aware of the bankruptcy proceeding. Accordingly, neither appellant nor the Conaways had a pecuniary interest in the proceeds from the sale of the property at issue.

The court finds that appellant and the Conaways are not "persons aggrieved" and, therefore, they have no standing to bring this appeal. Therefore, the appeal will be dismissed.[2]

## V. CONCLUSION

For the foregoing reasons, the court (1); will deny as moot the motion to strike (D.I. 14); and (2) will dismiss the appeal for lack of standing.

---

[2]The court will not address the other issues raised, given that appellant and the Conaways lack standing.